# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RAGNA TRIPLETT-FAZZONE,**

    **Plaintiff,**

                                    **Civil Action 2:16-cv-1016**
**v.**                                **CHIEF JUDGE EDMUND A. SARGUS, JR.**
                                          **Magistrate Judge Kimberly A. Jolson**

**UNITED STATES OF AMERICA,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant State of Ohio's Motion to Dismiss (ECF No. 9), Defendant City of Columbus' Motion to Dismiss (ECF No. 11), Defendant United States of America's Motion to Dismiss (ECF No. 17), and the Motion to Dismiss of Defendant Franklin County Sheriff's Office's (ECF No. 34). For the reasons set for the below, the Court **GRANTS** all four Motions to Dismiss.

## I.

Plaintiff Ragna Triplett-Fazzone filed this action, and has since proceeded, without the assistance of counsel. In her Complaint, Plaintiff alleges that she has been brutalized by local police officers over the years 1995, 2010, and 2015, with the 1995 and 2010 incidents documented in prior litigation that was filed before this Court as *Triplett-Fazzone v. City of Columbus Division of Police, et al.*, Case No. 2:12-cv-331, ("*Triplett-Fazzone I*"). (Compl. ¶¶ 11, 29–30, 41–60.) In *Triplett-Fazzone I*, Plaintiff received an adverse judgment, and exhausted her appeals. (ECF No. 1, ¶¶ 11, 25, 30, 32, 33.) The new allegations in the instant Complaint

are based on an incident in October 2015, in which an Upper Arlington police officer cited Plaintiff for speeding. (*Id*. at ¶¶ 41–63.)

Although Plaintiff's precise claims are difficult to make out, she repeatedly asserts that the federal Violent Crime Control and Law Enforcement Act of 1994 is unconstitutional. (Compl. ¶¶ 24-27, 37, 39, 71.) She contends the law is "unconstitutional in its entirety because it is an 'unmanned,' 'unmanaged,' 'highly improper,' and 'ignorant' and therefore 'unethical toward the delicate nature of life' method of police control that has contributed to national policing deaths (citizens v. police) (police v. citizens) all the while, damaging Plaintiff's life repetitively (1995, 2010, 2015)." (*Id*. ¶ 24.) Plaintiff also alleges that the Violence Against Women Act is an "opposing legal platform" that should provide her relief. (*Compl*. ¶¶ 6–11, 27.) She seeks a declaration that Defendants "are liable in some way, shape or form" and requests $150 million in damages. (*Id*. at 11.[1])

Plaintiff names as defendants in this action the United States of America, the State of Ohio, the City of Columbus, the Franklin County Sheriff's Office, the City of Upper Arlington Division of Police, and an Upper Arlington Police Officer.

On January 19, 2017, the State of Ohio and the City of Columbus each filed a Motion to Dismiss (ECF No. 9, 11), and on January 25, 2017, the United States also filed a Motion to Dismiss (ECF No. 17). On February 13, 2017, Plaintiff responded in opposition to the motions of the State and the City. (ECF No. 20.) Then on February 17, 2017, Plaintiff filed a second Memorandum in Opposition to the Motions to Dismiss of the State and the City (ECF No. 21), and a Memorandum in Opposition to the Motion to Dismiss of the United States (ECF No. 22).

---

[1] All references to page numbers in Plaintiff's documents refer to those numbers generated by the Court's electronic filing system.

On that same day, Plaintiff filed an Amended Memorandum in Opposition to the Motions to Dismiss of the State, City, and the United States. (ECF No. 23.)

On February 24, 2017, the State of Ohio filed a Reply in Support of its Motion to Dismiss (ECF No. 24), and the City of Columbus filed a Reply in Support of its Motion to Dismiss (ECF No. 25). On March 7, 2017, Plaintiff filed a Sur-Reply to the State of Ohio's Reply (ECF No. 28), and a Sur-Reply to the City of Columbus' Reply (ECF No. 29).

On March 2, 2017, Defendant Franklin County Sheriff's Office filed a Motion to File a Motion to Dismiss *Instanter* (ECF No. 26), which this Court granted on March 28, 2017 (ECF No. 33). The Court directed the Clerk to file Franklin County's Motion to Dismiss that was attached to the *Instanter* Motion. (ECF No. 34.) Before this Court ruled on Franklin County's Motion to File a Motion to Dismiss, Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss that was attached to the *Instanter* Motion. (ECF No. 32.) On March 29, 2017, Franklin County filed a Reply in Support of its Motion to Dismiss. (ECF No. 35.)

On March 17, 2017, April 13, 2017, May 5, 2017, June 2, 2017, and July 24, 2017, Plaintiff filed Affidavits. (ECF Nos. 31, 36–39.) In these Affidavits, Plaintiff offers over 100, single-spaced pages containing averments that appear to be in support of the allegations she has made in her Complaint and arguments she makes in her Memoranda in Opposition and her Sur-Replies that are currently pending.

## II.

The Franklin County Sheriff's Department, the City of Columbus, the State of Ohio, and the United States of America all move for dismissal of Plaintiff's Complaint under either Federal Rule of Civil Procedure 12(b)(1) and or Rule 12(b)(6).

## A. Motions to Dismiss for Failure to State a Claim

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

## B. Motions to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move for dismissal when a court lacks subject matter jurisdiction. Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive

truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie,* 15 F.3d at 598; *Moir,* 895 F.2d at 269.

## C.    *Pro Se* Litigants

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

## III.

Recognizing that Plaintiff is proceeding without the assistance of counsel, the Court has reviewed all of the documents filed by her, including the five affidavits, the additional memoranda in opposition, and the sur-replies. (ECF Nos. 23, 28, 29, 36–39.)

## A.    Franklin County, the City of Columbus, and the State of Ohio

Franklin County, the City of Columbus, and the State of Ohio all move for dismissal for, *inter alia*, failure of Plaintiff to plead any factual content that allows this Court to draw the reasonable inference that the they are liable for the misconduct alleged. Franklin County argues:

Plaintiff's Complaint contains zero allegations against [Franklin County]. Plaintiff seemingly describes an encounter she had with an officer from the Upper Arlington Police Department in 2015, but there is no allegation that the Franklin County Sheriff or any employee, personnel, or agent of the Sheriff's Office had any involvement in said incident.

(Fr. Cnty.'s Mot. to Dismiss at 2, ECF No. 34.)

Similarly, the City of Columbus and the State of Ohio assert that Plaintiff has failed to allege any fact from which a reasonable inference can be made that they had any role in the October 2015 traffic stop by an Upper Arlington Police Officer.

In her memorandum in opposition to Franklin County's Motion to Dismiss, Plaintiff makes repeated references to alleged past incidents that concerned Franklin County that were the subject of *Triplett-Fazzone I*. Plaintiff appears to take the position that because Franklin County did not file an answer or a Rule 26(f) Report in that case, it has shown a pattern of bad faith conduct, which is relevant to her standing to raise her claims against the County in this case:

The record shows that Franklin County Sheriff never filed a Rule 26 (f) Report to Parties. [*See* Pit. Exhibit #2, 2 pgs. U.S. Court of Appeals Brief of Appellant]. Plaintiff's exhibits prove, Franklin County has NEVER had to file an answer to this pro se Plaintiff's Complaint. NEVER. That is Tort conduct, also known as "bad faith." Therefore, this Plaintiff contends "[F]or purposes of standing, subjective chill requires some specific action on the part of the defendant in order for the litigant to demonstrate an injury-in-fact." *See* Morrison. 521 F. 3d at 609.

(Pl. Mem. in Opp. to Fr. Cnty.'s Mot. to Dismiss at 8, ECF No. 32) (emphasis in original). Plaintiff continues, offering ten single spaced pages of arguments and citations related to mootness, collateral evidence, and special duty police.

Likewise, in her responses to the City of Columbus' and the State of Ohio's Motions to Dismiss, Plaintiff makes repeated references to *Triplett-Fazzone I* and offers over 100 pages of single spaced, largely incomprehensible arguments, and citations to law that is relevant to everything from discrimination in employment to proximate causation under Tennessee law.

She supplements her memoranda with briefs in which she quotes from various cases about "probable cause," "color of law," and "right to a trial." (Pl.'s Amended Mem. in Opp. to the City's and the State's Mots. to Dismiss at 2–3 , ECF No. 23.)

Additionally, in her responsive briefing and affidavits Plaintiff draws links between Upper Arlington, Franklin County, the City of Columbus and the State of Ohio, such as: "Franklin County . . . completely encompasses/surrounds City of Columbus, Ohio ---and --- Upper Arlington, Ohio," "the only . . . jailing facility for both City of Columbus and Upper Arlington is via/by/through Franklin County, Ohio," "Franklin County Sheriff is: an extension of or arm of the State of Ohio under Ohio's Constitution," and "the City of Upper Arlington is in the City of Columbus." (Pl. Mem. in Opp. to Fr. Cnty.'s Mot. to Dismiss at 2 3; ECF No. 32; Pl.'s Mem. in Opp. to the City's and the State's Mots. to Dismiss at 6, Doc, No. 20.)

In reply, Franklin County points out that while Plaintiff's "memorandum brings up a myriad of issues, it fails to address the argument set forth in [Franklin County]'s motion to dismiss – that Plaintiff's Complaint contains no factual allegations against [Franklin County]." (Fr. Cnty.'s Reply at 1, ECF No. 35.) The City and the State both highlight what they assess as the same defect in Plaintiffs' memoranda and other responses their Motions to Dismiss, *i.e.*, that "Plaintiff's factual allegations fail to show how Ohio has any connection to this case" and "Plaintiff's Memorandum in Response does not respond to the City's motion by identifying any factual allegation/s of her Complaint from which one could infer that the City of Columbus is responsible for the October 22, 2015 traffic stop or any factual allegations that would support a cause of action against the City of Columbus." (State's Reply at 1, ECF No. 24; City's Reply at 1–2, ECF No. 25.) These arguments are well taken.

First, Plaintiff's allegations regarding the purported geographical relationships between various entities does not to set forth any sort of cognizable claim against Franklin County, the City of Columbus, or the State of Ohio.

Second, Plaintiff's repeated references to alleged past incidents that were the subject of *Triplett-Fazzone I* fails to support any current plausible claim against Franklin County, the City of Columbus, or the State of Ohio. Franklin County's alleged "bad faith" conduct from a prior lawsuit does not support its inclusion in this lawsuit when there is no allegation that it was a participant in the conduct giving rise to this lawsuit, *i.e.*, an alleged incident on October 22, 2015, involving an encounter with an Upper Arlington Police Officer.

Last, Franklin County does not request dismissal due to mootness, collateral evidence, or special duty police. And, the City of Columbus and the State of Ohio do not request dismissal based on, or make any arguments related to, probable cause, color of law, or a right to a trial. Plaintiff's discussion of these topics is not relevant to these defendants' requests for dismissal.

Consequently, when construing the Complaint in the light most favorable to Plaintiff and accepting all of her well pleaded allegations as true, she has failed to set forth any facts related to these three defendants upon which relief can be granted. Indeed, even when providing a more liberal construction of Plaintiff's Complaint and holding it to a less stringent standard than pleadings drafted by lawyers, her allegations fall far from presenting any plausible claim. Accordingly, the Court **GRANTS** the Motions to Dismiss of Franklin County, the City of Columbus, and the State of Ohio.

**B.      The United States of America**

The United States challenges the factual existence of this Court's subject matter jurisdiction, arguing that Plaintiff's "complaint fails to allege any case or controversy with the

United States of America." (United States' Mot. to Dismiss at 1, ECF No. 17); *see also Crone-Schierloh v. Hammock*, 2:12-CV-410, 2014 WL 321973, at *3 (S.D. Ohio Jan. 2, 2014) (addressing failure to allege any case or controversy as a factual attack to subject matter jurisdiction). The United States maintains that "[o]ne of the fundamental axioms of American jurisprudence is that a federal court may consider only actual cases or controversies." *Id.* at 1–2 (quoting *North Am. Nat. Res. v. Strand*, 252 F.3d 808, 812 (6th Cir. 2001)). The United States concludes that:

> Here, Plaintiff fails to allege a case or controversy with the United States by claiming that federal law is unconstitutional because it has not helped her situation. Plaintiff's complaint references a series of local police action and unsuccessful litigation, somehow blaming those things on the Violent Crime Control and Law Enforcement Act of 1994. She claims she has contacted the United States Department of Justice and Federal Bureau of Investigation without receiving any relief. (Compl. ¶ 31.) Her allegations are too attenuated as to the United States to make out a case or controversy with it.

(United State's Mot. to Dismiss at 2, ECF No. 17.) This Court agrees.

The jurisdiction of the federal courts is limited. They may only resolve those "cases" and "controversies" listed in Article III, Section 2 of the Constitution. U.S. Const., art. 3, § 2, clause 1. Where there is no case or controversy, federal courts lack authority to render a decision, regardless of the subject matter. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). This "case or controversy" requirement gives rise to the concept of standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–60 (1992). As part of the case or controversy requirement, a plaintiff must demonstrate an injury in fact that is fairly traceable to the defendant's challenged action and which a favorable judicial decision will likely redress. *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–181 (2000). "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking

9

federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103–104 (1998).

In the instant action, Plaintiff references a series of local police action and unsuccessful litigation, blaming those events, as well as events between citizens and police across the United States, on the Violent Crime Control and Law Enforcement Act of 1994, which she claims is unconstitutional. Plaintiff also mentions that she alternatively could find relief for her persecution under the Violence Against Women Act. However, as the United States correctly highlights, the United States Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan,* 504 U.S. at 573–74. Plaintiff fails to allege how the enforcement of any federal law has injured her in fact and how this Court's ruling on federal law could redress the alleged injuries caused by local police. Moreover, "[t]he mere existence of a statute, which may or may not ever be applied to [P]laintiff[], is not sufficient to create a case or controversy within the meaning of Article III." *Natl. Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 293 (6th Cir. 1997) (citation omitted).

In the case *sub judice*, when construing the Complaint in the light most favorable to Plaintiff and accepting all of her well pleaded allegations as true, she has failed to allege any case or controversy with the United States. Indeed, similar to the Court's analysis *supra*, even when providing a more liberal construction of Plaintiff's Complaint and holding it to a less stringent standard than pleadings drafted by lawyers, her allegations do not come close to presenting any live case or controversy against the United States of America over which this Court possesses

subject matter jurisdiction. Therefore, the Court **GRANTS** the United States of America's Motion to Dismiss.

**IV.**

Based on the foregoing, the Court **GRANTS** Defendant State of Ohio's Motion to Dismiss (ECF No. 9), Defendant City of Columbus' Motion to Dismiss (ECF No. 11), Defendant the United States of America's Motion to Dismiss (ECF No. 17), and Defendant Franklin County Sheriff's Office's Motion to Dismiss (ECF No. 34).

**IT IS SO ORDERED.**

9-18-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**